Ruffin, Chief Justice.
 

 Of course this action cannot be
 

 sustained,, if Willis was one of the firm of John Holt & Co.; and the opinion of the Court is, that upon the plaintiffs’ evidence, and much more upon that of the defendant, Willis is to be taken to have been a partner; and that the criterion on which the question was submitted to the. jury, was altogether a mistaken one.
 

 ' Á partnership as between themselves, has been well said
 
 to
 
 be constituted by an agreement between two or more persons to. join stocks of money, property or labour, and to divide the profits. But as to third pérsohs, wh'o may deal with the firm, a partnership may arise, lipón a principle of public policy, so as to bind a person for all the liabilities of the firm, and, indeed, make him a party to all its contracts, although that person bring into the business ileither effects nor services, but merely lend his name as a partner, or otherwise hold , himself out to 'the world as such. There afe numerous adjudications to the effect of these propositions; but the leading case is
 
 Waugh v. Carver, 2
 
 H. Bla. 235, which sufficiently states both of them. The ordinary test, however, of a person being a partner, is his participation in thd profits, of the business; and we believe there can be Ho instance imagined in which there is to be a participation in them,- as profits, in which every person having a right to share in them, is not thereby rendered a partner to.jáll intents and purposes. It is-so, between -the parties themselves; because the one of them .does not look to the other, personalty, for restoring to him his ■capital, or remunerating him for his labour; but each looks; to the assets or joint fund, for those purposes,-and ascertains his. interest by taking an account of the concern. Much
 
 •mqre
 
 does.sharing in the profits constitute a, partnership as to. the rest of the .world; because, as was said by Chief Justice Eyre, by taking a part of the profits, the party, takes from the creditors a portion of that fund, which is the prop
 
 *203
 
 er security for the payment of their debts. It is also terial, whether the shares be much or little.
 
 Rex
 
 v.
 
 Dodd, 9
 
 East. for the question is, with what persons, as forming the firm, the contract was made, so as on the one hand, to make those persons chargeable with it, or on the other, enable them to enforce it. However small the interest one may. have in the fund, or how remote soever that interest may be,, provided it be an interest in the profits as such, he is thereby constituted a party to each contract of the firm, and must be joined in an action on it.
 

 In the record, it is stated expressly, upon the plainriffs’ own proofs, that after defraying certain specified charges. “ the balance of the profits, if any, were to be equally divided between the plaintiffs and Willis.” This we think fatal to the present action; because it shews that Willis had an interest in the profits, not so large, perhaps, as that of the other parties, but as distinctly defined; that he looked to them and to them alone for his remuneration; and not to the preseut plaintiffs,. under any circumstances.
 

 His Honor, however, left it to the jury to find otherwise,' upon the following distinction: That as the iron, coal, provisions for Willis, and rent, were, by the agreement, first to be paid out of the assets, if the jury believed that enough had not been made to pay those charges, but that Willis was indebted to the other parties, when he went away — then he, Willis, was not a necessary party to the suit. This distinction we deem entirely fallacious. It does not state that Willis would not be a partner in the case supposed; but only that he need not be a plaintiff. Now, he. must be a party to the action, if he was a party to the contract; and he was a party to the contract, if, in point of law, he was a member of the firm when the contract was made. That he was a partner, has been already shewn; and, therefore, he was a necessary plaintiff, unless, as laid down to the jury, it be true, that he ceased to be a partner; or, at least, a proper plaintiff, for the reason that, in point of fact, there was no surplus of profit in which Willis could share, after satisfying to his copartners their preferred charges. The idea is a novelty, and is, certainly, not correct. It would make the parties to every action
 
 *204
 
 by a partnership depend on the accounts between the part-which the jury is wholly incompetent to take. Besides, it would make the plaintiffs vary, from time/to time. with the change of the fortunes of the firm. If, fo/example, at the time the work wa§ done for the defendant, the business was .a gaining one, so that, upon a division, some profit "would have fallen to Willis, then he would have been a necessary party to an action then brought jfor the price: But, if afterwards, the business became a losing one, go that, upon a division, Willis would receive no share of the profit, then he need not be a party to the suit. This can only mean, that in this last case, Willis is not to be taken
 
 as continuing to be
 
 a party to the contract, although unquestionably, when made, it was entered into with him as one of the parties to it. The result to which jve are thus brought, disproves the proposition from wh,ie.h it is deduced. Besides, it is an error to suppose that one who was a partner, has no interest in the fund, because, by reason of losses, he would drawpo share upon a final settlement. The firm may o\ye debts, for which, of course, he is liable; and he is consequently a necessary party to actions by the firm, because he has an equal right with the other partners to receive the fund, that he may see it applied in exoneration of himself, in discharge of the debts.
 

 At the bar, a class qf cases \vas reljqd on to support the judgment, which we think do nqt apply. They tire those of
 
 Benjamin
 
 v.
 
 Porteus,
 
 2 H. Bl.
 
 590
 
 —Dry v.
 
 Boswell,
 
 1 Camp. 329, and others of that kind; in which it appeared, upon the agreement, that the parties intended an agency of the one for the other; and it was, consequently, held that there was not a partnership, although the agent was to beremunerated by wages in proportion to the profits, or even by a sum partly furnished by the profits. In some of those cases, the distinctions are very fine, and carried to a nicety at which
 
 even
 
 Lord EiDpp expressed his regret.
 
 Ex parle Hamper,
 
 17 Ves. 112, 404. it is not, however, needful that we should go through them; for
 
 they
 
 are all distinguishable from the present case, by the circumstances noticed by his Lordship: ; That in none qf them did the party agree for a part of the i profits
 
 as such, so
 
 as thereby to entitle him to ail account
 
 *205
 
 but was to be remunerated according to the amount of
 
 gross earnings or sales,
 
 or
 
 by the other contracting party,
 
 in proportion to a given quantum of the profits. But in our case, there is no intent to turn Willis into a servant or agent; and he looked for compensation, not at all nor in any event to the other parties personally, but wholly to the funds of the concern, or, in other words, to tlje profits
 
 as such.
 

 This point is decisive of the cause; and, therefore, it is useless to advert to tl}e .others made at the trial.
 

 Per Curiam. Judgment reversed and a.
 
 venire de novo.