The plaintiff alleged that he was the surviving partner of the firm of T. S. Berry, and sought to recover from the defendant bank the balance due the firm on its deposit. The administrator of T. S. Berry *Page 10 
was allowed to become a party defendant, and in his answer denied the alleged partnership, and claimed the bank balance as the property of his intestate.
Upon the trial in apt time defendant tendered the following issue, to wit: Is O. G. Pritchard, administrator of T. S. Berry, entitled to recover the fund in controversy, or any part thereof? and asked upon this issue to be allowed to open and close the case. This was refused, and defendant excepted.
It was admitted that the fund in controversy had been paid into court by the bank by consent.
The court submitted the following:
(14) 1. Was the paper-writing dated 30 May, 1891, purporting to be an agreement between T. S. Berry and A. Sawyer, duly signed and executed by said T. S. Berry?
2. If so, is the plaintiff, as surviving partner, entitled to recover the fund in controversy?
3. If the said plaintiff is not entitled to recover said fund, is the interpleader, O. G. Pritchard, administrator of T. S. Berry, entitled to recover the same?
The plaintiff was allowed to open and conclude the case and assume the burden, and defendant excepted.
The plaintiff, A. Sawyer, was introduced, among others, as a witness in his own behalf. He testified that he knew the handwriting of T. S. Berry, and had seen much of his handwriting for several years.
The paper-writing purporting to be an agreement between witness and T. S. Berry was handed to the witness, and was as follows:
"NORTH CAROLINA — Camden County.
"Agreement is this day entered into between T. S. Berry of the one part and Alfred Sawyer, Jr., of the other part, both of the county of Camden and State of North Carolina, as follows, to wit: The said T. S. Berry is now selling goods at Bellcross and has employed the said Alfred Sawyer, Jr., as a clerk to superintend the said store as long as the said Berry chooses to employ him, and the said Sawyer is to have for his services one-half (1/2) of all the profits the said store makes after paying all expenses of the said store; and further, the said Sawyer is today one-half (1/2) owner of all the goods, moneys, accounts, notes, etc., that belong to the store; and further, the said Berry is not to make any charges as rent for said store, warehouse, or dwelling house where the said Sawyer now lives, for this and his daily service is his (15) compensation is equal division of profits with the said Berry. Witness our hands and seals, this 30 May, 1891.
 "T. S. BERRY, [Seal.] "A. SAWYER, [Seal.]" *Page 11 
The witness was asked, "In whose handwriting is the body of said paper?" He replied, "In the handwriting of T. S. Berry." He was then asked, "In whose handwriting is the signature A. Sawyer appearing thereon?" He replied, "In my handwriting."
To each of said questions and to each answer the defendant in apt time objected, and excepted to their admission.
There was other evidence offered tending to prove and to disprove that said paper-writing was in T. S. Berry's handwriting. There was also other evidence tending to prove that the fund in controversy was deposited in bank by A. Sawyer to the credit of "T. S. Berry," and that it was money derived from the store business and sales of goods. There having been no exception to this evidence, it is not set out.
The court, among other matters, instructed the jury as follows:
1. That if they believed that the signature of T. S. Berry to the agreement introduced is in the proper handwriting of T. S. Berry, and that T. S. Berry signed and executed said agreement, they should answer the first issue, Yes.
2. That if said paper-writing was duly executed upon the part of T. S. Berry and A. Sawyer it constituted them copartners as to the matters, business and property therein set out.
To this charge the defendant Pritchard excepted.
The jury responded "Yes" to the first and second issues and "No" to the third. There was judgment for the plaintiff, and (16) defendant Pritchard, administrator, appealed.
We think his Honor was correct in holding that on the face of the contract a copartnership existed between the plaintiff and T. S. Berry, deceased. Tested by our old cases, it is very clear that the absence of any personal liability on the part of Berry to the plaintiff for compensation for his services and the presence of a right to demand an account in order to ascertain his half of the profits (which half interest is directly conferred upon him by the contract) would constitute a copartnership. Coxv. Delano, 14 N.C. 89; Holt v. Kernodle, 23 N.C. 199. Whether there should be any modification of the rule as to making the sharing in the profits an absolute test of copartnership in all cases (see Fertilizer Co.v. Reams, 105 N.C. 283) is a question that does not arise on this appeal, as we have here not only a community in the profits but also a community in the capital. In this class of cases, says Mr. Bates, "the conclusion is irresistible that there is a communion of interests in the profits and not a portion of *Page 12 
them as compensation, for each has as much right as the other, and hence that a partnership results." Bates' Partnership, sections 31 and 32.
Apart from any holding out, we think that under our decisions the creditors of the firm could have recovered of the plaintiff, and, if this be so, it must follow that he is entitled to the assets as surviving partner.
We have examined the other exceptions, although they were not very strenuously pressed on the argument. They are without merit.
Affirmed.
(17)